UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMEOY LONG,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendant. | Case No. CV 07-3197-PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's challenge to a decision by Defendant Social Security Administration (hereinafter "the Agency"), denying his claim for Supplemental Security Income ("SSI") payments. Plaintiff alleges that the administrative law judge ("ALJ") erred when he found that Plaintiff's testimony was not entirely credible. (Joint Stipulation ("JS") at 5.) For the following reasons, the Court concludes that the ALJ's reasons for rejecting Plaintiff's testimony were sufficient to support this finding.

    In October 2004, Plaintiff filed an application for SSI benefits, alleging that he was disabled as of November 3, 2001. (Administrative

Record ("AR") at 177-80.)[1]  His claim was denied by the Agency and he requested and was granted an administrative hearing.  On March 29, 2006, Plaintiff appeared with counsel and testified at the administrative hearing.  (AR 398-407.)

Plaintiff told the ALJ that he got sick a lot.  (AR 401.)  He explained that he had chest pain, trouble sleeping, trouble breathing, and was prone to getting angry and upset.  (AR 401.)  He described how the medicine he was taking zapped his energy and made him feel weaker.  (AR 402.)  According to Plaintiff, he could not walk a block, could stand and/or sit for only ten minutes, and could lift only two to three pounds.  (AR 402-03.)  Plaintiff, who was born in June 1953, claimed he went to school (in Cambodia) three or four years.  (AR 403.)  When pressed by the ALJ regarding the fact that he had stated in his application that he made it to the 5th grade, Plaintiff agreed.  (AR 403.)  Plaintiff produced his driver's license at the hearing, which indicated that it had been issued in May 2005, ten months before the hearing.  (AR 404.)  Plaintiff testified that he lived in an apartment in Los Angeles with his 22-year-old daughter, who performed most of the household chores.  (AR 406-07.)  Plaintiff claimed that he could not cook, beyond boiling water for noodles, and did not know how to operate a washing machine.  (AR 406-07.)  Plaintiff told the ALJ that he was unable to fill up his car with gas and had his daughter go with him when he had to.  (AR 407.)  When the ALJ noted that Plaintiff had been driving since 1980 and, thus, his 22-year-old daughter had not always been around to help him, Plaintiff explained that, in those

---

[1] A prior SSI application filed in May 2002, alleged the same date for the onset of disability, i.e., November 3, 2001.  This claim was denied in November 2003.  (AR 42-47.)

days, friends helped him fill up his car with gas.  (AR 407-08.)
Plaintiff claimed that he had to use the bathroom up to ten times in
two hours, and 20 to 30 times a night.  (AR 408.)  Plaintiff testified
that he does not sleep well at night, waking up every half hour, and
does not sleep during the day.  (AR 409.)  When his lawyer asked if he
lied down during the day, Plaintiff corrected himself, stating that he
did lie down sometimes but he had forgotten about that.  (AR 409.)

Plaintiff's daughter testified next.  (AR 409.)  She told the ALJ
that Plaintiff's wife and son shared the apartment with Plaintiff and
his daughter.  (AR 410.)  She explained that Plaintiff did not have a
lot of energy and did not help with the chores around the house.  (AR
410-11.)  In the daughter's view, Plaintiff could not do much because
he did not have a lot of energy and had too much pain.  (AR 414.)

In June 2006, the ALJ issued a decision, denying Plaintiff's
application for SSI.  (AR 20-27.)  He found that Plaintiff had the
residual functional capacity to perform a full range of medium work,
i.e., could lift and carry 50 pounds occasionally and 25 pounds
frequently, and could stand, walk, and sit for six hours a day.  (AR
25-26.)  The ALJ rejected Plaintiff's testimony that he could only
lift two to three pounds and sit and/or stand for only ten minutes.
(AR 25-26.)  He based this finding on the following:

> The claimant's statements concerning the intensity, duration
> and limiting effects of these symptoms are not entirely
> credible.  [The daughter's] testimony is found to be
> generally credible, but disproportionate to the severity of
> his impairments as indicated in the medical record.  The
> claimant claims his impairments first began to bother him in
> 1997, yet he had not worked since 1985, some twelve years

    earlier. [AR 214-23.] He told Dr. Bagner on May 12, 2005 that he had lost 25 pounds over the past year. [AR 270.] However, his medical charts at Asian Pacific Health Care Venture show his weight has been between 166 to 172 pounds from 2000 to February 2005. [AR 256-317.] On May 10, 2005, he weighed 178 pounds. [AR 365.] The claimant stated he has no problem with dressing, bathing, caring for his hair, shaving, feeding himself, and using the toilet. He is able to cook meals. He cleans and does the laundry. He is still able to drive and go shopping. [AR 224-31.] Moreover, his diabetes mellitus and hypertension, while uncontrolled at times due to noncompliance with medication, have not resulted in end-organ damage. As such, the claimant remains capable of performing a full range of medium duty work.

(AR 26.)[2]

Plaintiff charges that the ALJ's reasoning was flawed. (JS at 6.) In his view, the ALJ failed to "offer a single legally sufficient reason" to reject his testimony. (JS at 6.) Plaintiff focuses specifically on the ALJ's finding that the medical evidence did not support the level of limitation described by Plaintiff. (JS at 7.) In Plaintiff's view, this is never enough. (JS at 7.) Plaintiff also challenges the ALJ's finding that Plaintiff's claimed limitations were inconsistent with his daily activities. (JS at 8.) Plaintiff argues that the law does not require that a claimant be a "vegetable" in order to be found disabled. (JS at 12.) For the reasons set forth

---

    [2] The Court has inserted the AR page cites in place of the exhibit numbers used by the ALJ.

below, the Court concludes that the ALJ's justifications for rejecting Plaintiff's credibility were specific, clear, and convincing and, therefore, his finding will be affirmed.

An ALJ must undertake a two-step analysis when considering a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, he must determine whether the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce the symptoms alleged. *Id*. at 1281-82. And second, he must determine the claimant's credibility as to the severity of the symptoms. *Id.* at 1282. If the claimant produces objective medical evidence of an impairment, shows that the impairment could be expected to produce the symptoms alleged, and there is no evidence of malingering, the ALJ can only reject the claimant's testimony concerning the severity of the symptoms by citing specific, clear, and convincing reasons for doing so. *Id.* at 1283-84.

In making a credibility determination, the ALJ may take into account, among other things, ordinary credibility evaluation techniques and the claimant's daily activities. *Id*. at 1284. If the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ cited four reasons for rejecting Plaintiff's testimony:

1. It was inconsistent with the medical record.
2. Plaintiff stopped working in 1985, yet he claimed that his impairments first began to bother him in 1997.
3. Plaintiff reported that he had lost 25 pounds in the past year, which the medical record contradicted.

5

1      4.    Plaintiff's daily activities were inconsistent with his claimed limitations.

(AR 26.)  The Court will address each in order.

A.    <u>The Medical Record</u>

In somewhat obtuse language, the ALJ found that the medical record did not support Plaintiff's claimed limitations: "[The daughter's] testimony is found to be generally credible, but disproportionate to the severity of his impairments as indicated in the medical record."  (AR 26.)  Both Plaintiff and Defendant have interpreted this language to mean that this was the ALJ's way of saying that Plaintiff's testimony was questionable because it was not supported by the medical record.  The Court will accept that interpretation for purposes of review.

An ALJ is free to consider the medical record in testing a claimant's credibility.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  Where the objective medical evidence does not support a claimant's alleged limitations, the ALJ may discount the claimant's testimony.  *Id*. (holding lack of objective findings in medical record supporting claimant's allegations of pain sufficient to reject claimant's pain testimony).

There were a number of doctors who provided input in this case.  Only one could fairly be said to support Plaintiff's claims of disabling physical pain and limitations, Dr. Chee.  (AR 356, 397.)  But the ALJ discounted Dr. Chee's opinion because he found that it was not supported by medical evidence, and Plaintiff has not challenged this finding.  (AR 24.)  Eliminating that opinion from the mix, the record supports the ALJ's finding that the medical evidence does not support Plaintiff's claimed limitations.  Dr. Adi Klien, a board

certified internist, found that Plaintiff had no limitations. (AR 363-67.) In a word, Dr. Klein determined that Plaintiff's physical condition was normal. (AR 363-67.) He found that Plaintiff had a full range of motion in his neck, back, shoulders, elbows, wrists, knees, hips, and ankles. (AR 366.) Plaintiff's grip strength was measured at 40 pounds in both hands. (AR 365.) His muscle tone was normal throughout his body. (AR 366.) His motor strength was five on a scale of five. (AR 366.) In short, there was nothing unusual about Plaintiff when he was examined by Dr. Klein.

Yet, Plaintiff testified at the administrative hearing that he could lift and carry only two to three pounds and could only sit or stand for ten minutes. (AR 402-03.) Obviously, this was, at best, a huge exaggeration, and the ALJ was at liberty to reject it based on the objective medical evidence that Plaintiff did not suffer from any physical limitations. *See Morgan*, 169 F.3d at 600. Though the Court is sensitive to Plaintiff's argument that, under *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc), the ALJ should not rely on a lack of objective medical evidence to discount a claimant's testimony regarding the degree or the intensity of his disabling pain, where, as here, the medical evidence indicates that there is, essentially, nothing wrong with the claimant, the ALJ is free to reject the claimant's testimony that he can lift only two pounds and sit and stand for only ten minutes. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).[3]

---

[3] Generally, the Court looks askance at an ALJ's rejection of a claimant's testimony based on the generic "his claimed limitations are not supported by the objective medical evidence." The Court usually requires a more tailored approach, whereby the ALJ explains which claims are not supported by which evidence. In the case at bar,

B.   <u>Plaintiff's Failure To Work Since 1985</u>.

The second reason the ALJ provided for rejecting Plaintiff's testimony was that he had not worked since 1985, though he claimed that his impairments did not begin to bother him until 1997.  (AR 26.) Plaintiff has not addressed the significance of this finding.  The Agency points out that the regulations provide that work history is a proper consideration in a credibility analysis, citing 20 C.F.R. § 416.929(c)(3).  The Court agrees that there is some merit to the thinking that a claimant who has not worked in 20 years and is seeking benefits claiming that the reason he has not worked for the last nine years was because of his impairments leaves himself open to the argument that his impairments are not what precludes him from working. The ALJ properly relied on this factor in discounting Plaintiff's credibility.

C.   <u>Plaintiff's Statements Regarding His Weight To His Doctor</u>

Plaintiff reported to an examining psychiatrist in May 2005 that he had lost 25 pounds over the past year.  (AR 370.)  The medical record does not support this statement.  Rather, it appears that Plaintiff's weight had remained constant during that period and had, in fact, increased right before he told the doctor that he had lost weight.  (AR 257-317.)  The ALJ relied in part on Plaintiff's false claim to find that he was not credible.  (AR 26.)  This is a valid ground for questioning a claimant's credibility, and is supported by

---

however, it is so clear that none of the accepted medical evidence supports anything even approaching Plaintiff's claimed limitations that the Court will accept the ALJ's rejection of Plaintiff's testimony on the general ground that it is not supported by the medical evidence.

the record. *See Smolen*, 80 F.3d at 1284 (stating ALJ may apply ordinary credibility evaluation techniques in assessing claimant's credibility).

D.   Plaintiff's Daily Activities

The final reason cited by the ALJ for rejecting Plaintiff's testimony was that his daily activities were inconsistent with his testimony that he could only lift two to three pounds and stand or sit for ten minutes. (AR 26.) Plaintiff argues that his activities were minimal and that the ALJ's reliance on them to find him not credible is tantamount to requiring him to be a vegetable to be eligible for benefits. (JS 8-13.) The Court disagrees. Clearly, a claimant does not have to be a vegetable to qualify for SSI benefits. That is not what the ALJ concluded, however. A fair reading of what he did conclude was that, if Plaintiff could only lift two to three pounds and only sit or stand for ten minutes he would not be able to perform the daily activities he claimed that he performed. That is a valid reason for discounting a claimant's credibility and it is supported by this record. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (explaining inconsistencies between the level of activity and claimant's alleged limitations have bearing on credibility).

Because the ALJ provided specific, clear, and convincing reasons for finding that Plaintiff was not credible and because the underlying bases for these reasons were supported by substantial evidence, his finding is affirmed.

Finally, it appears that Plaintiff is also challenging the ALJ's discounting of his daughter's testimony. (JS at 5.) The sum of her testimony was that her father could not do much because he did not have much energy. (AR 409-15.) Her testimony, however, did not deal

1  with any specifics regarding Plaintiff's residual functional capacity,
2  i.e., how long he could sit and stand and how much he could carry.
3  Even crediting her testimony, the ALJ would still have arrived at the
4  same conclusion, i.e., that Plaintiff could work.  Thus, assuming
5  Plaintiff is challenging the ALJ's treatment of his daughter's
6  testimony, the Court concludes that any error in addressing it was
7  harmless.  *Stout v. Comm'r Social Security Admin.*, 454 F.3d 1050, 1056
8  (9th Cir. 2006) (explaining ALJ's failure to discuss lay testimony is
9  harmless error where court can "confidently conclude that no
10 reasonable ALJ, when fully crediting the testimony, could have reached
11 a different disability determination").  As such, the ALJ's decision
12 is affirmed.

       IT IS SO ORDERED.

       DATED:    September   8   , 2008.

                                    /s/ Patrick J. Walsh
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Soc Sec\LONG, S 3197\Memo_Opinion.wpd